Hon. Stephen M. Bernardi Formal Opinion Deputy Commissioner No. 97-F5 Division of Criminal Justice Services Executive Park Tower Stuyvesant Plaza Albany, New York 12203-3764
Dear Deputy Commissioner Bernardi:
You have asked whether district attorney investigators are required to meet the minimum training requirements in General Municipal Law §209-q(1) and 1-a.
General Municipal Law § 209-q sets forth the training requirements for permanent and temporary police officers of any county, city, town, village or police district of the State. Subdivision 2(a) defines police officer as used in the section:
The term "police officer", as used in this section, shall mean a memberof the capital police force of the state office of generalservices . . ., or a member of a police force or other organizationof a municipality or a detective or rackets investigator employedby the office of the district attorney in any county located in acity of one million or more persons who is responsible for theprevention or detection of crime and the enforcement of the generalcriminal laws of the state, but shall not include any person serving as such solely by virtue of his occupying any other office or position, nor shall such term include a sheriff or under-sheriff, the sheriff or deputy sheriff of the city of New York, commissioner of police, deputy or assistant commissioner of police, chief of police, deputy or assistant chief of police or any person having an equivalent title who is appointed or employed . . . to exercise equivalent supervisory authority. (Emphasis supplied.)
The express language emphasized above states clearly that, for purposes of the General Municipal Law, the only detective or rackets investigators included as police officers are those employed in counties located in cities with a population greater than one million (i.e., New York City). As you point out, however, the term "police officer" is defined more broadly in the Criminal Procedure Law. There, "[a]n investigator employed in the office of a district attorney" is a police officer. Criminal Procedure Law § 1.20(34)(g). Thus, you seek our opinion as to whether all district attorney investigators are subject to the training requirements of General Municipal Law § 209-q, that is, whether the Criminal Procedure Law definition of police officer brings all district attorney investigators within the reach of General Municipal Law training requirements.
It is our opinion that only those detective and rackets investigators employed by district attorneys' offices in New York City are subject to the training requirements of the General Municipal Law. The legislative history of General Municipal Law § 209-q indicates that the Legislature intended to include only investigators employed by district attorneys in New York City within the purview of General Municipal Law § 209-q, and purposely did not adopt the broader definition included in the Criminal Procedure Law.
Prior to an amendment in 1982 (L 1982, Ch 594), the term police officer was defined in section 209-q without reference to investigators employed by district attorneys' offices. The 1982 amendment added to the definition of "police officer" a "detective investigator employed by the office of the district attorney in any county located in a city of one million or more persons". Thus, the bill had a limited geographic scope:
 Prior to now, detective investigators acted as prosecutorial aides to the District Attorneys' offices. As the District Attorneys' Offices expanded in the last 15 years, the functions and duties of detective investigators became identical to those of other police officers and detectives in New York City, which are often physically taxing and hazardous. These investigators are required to make felony and misdemeanor arrests, participate in undercover assignments, conduct electronic and visual surveillance, execute warrants and extradite prisoners. Yet, for example, these investigators are not entitled to . . . participate in a formal police training program under section 209q of the General Municipal Law. . . .
. . .
 The passage of this legislation into law will enable the district attorneys of New York City to retain qualified and professional investigators . . . Bill Jacket, L 1982 Ch 594, Legislative Memorandum of Assembly Member Joseph Ferris and Louis Freda, sponsors of Assembly Bill 040.
When passed by the Legislature, the bill was criticized as under inclusive. The Budget Report on Bills included in the Governor's Bill Jacket pointed out
 it may be argued that this bill does not go far enough to address the problems of investigators' training and protection because it is limited to those detective investigators employed by the New York City district attorney's office. Similarly employed investigators throughout the State could continue to use deadly force and carry firearms without benefit of police training.
Budget expressed the view that since all investigators employed by district attorneys are police officers, they should receive the same training as those employed in New York City. Bill Jacket, L 1982 Ch 594, Budget Report on Bills, at 2. Despite the criticism and recommendation that the Criminal Procedure Law definition of "police officer" be adopted, however, the bill was signed into law as written, extending the training requirement only to detective investigators employed by district attorneys' offices in New York City.
Section 209-q was further amended in 1983 to include under the definition of "police officer," rackets investigators employed by the district attorneys of the five counties of New York. L 1983 Ch 956. There is no evidence in the legislative history of that amendment of an intent to include rackets or detective investigators outside of the five counties of New York City. See, Bill Jacket, L 1983 Ch 956.
In sum, the express language of General Municipal Law § 209-q
provides that only rackets and detective investigators employed by the district attorneys located in the five counties of New York City are subject to the mandatory training requirements of the section. The express language is supported by the legislative history to the statute which reflects a conscious choice to include only a select group of investigators, despite recommendations to adopt the broader definition of police officer set forth in the Criminal Procedure Law.
We conclude that for purposes of General Municipal Law §209-q, the only detective or rackets investigators included as police officers are those employed in counties located in cities with a population greater than one million.
Very truly yours,
DENNIS C. VACCO
Attorney General